## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re:                                          Case No.

                                                THIRD-AMENDED
_____/         CHAPTER 13 PLAN
            Debtor(s)

1.    The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of $_____ _____each month.   Initial attorneys fees are requested in the amount of $_____.
      ___ Debtor(s) elect a voluntary wage order

2.    From the payments received, the Trustee will make disbursements as follows:
      (a)   On allowed claims for expenses of administration required by 11 U.S.C. § 507(a)(2) in deferred payments.
      (b)   On allowed secured claims, which shall be treated and valued as follows:

| Name | Value of Collateral | Estimated Mortgage/ Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If specified) |
|------|---------------------|-----------------------------------|---------------------------------------------|------------------------------|
|      |                     |                                   |                                             |                              |

            [The valuations shown above will be binding unless a timely objection to confirmation is filed.  Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above.  If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of ¶ 2(d).]

      (c)   On allowed priority unsecured claims in the order prescribed by 11 U.S.C. § 507.
      (d)   On allowed general unsecured claims as follows:
            ___ at a rate of _____ cents on the dollar.  The estimated term of the plan is _____ months. (Percentage Plan)
            ___ the sum of _____ payable over _____ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid.  The plan payments will continue at the highest monthly payment provided in ¶ 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3.    The debtor(s) elect to reject the following executory contracts of leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).

4.    The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:
      Name                        Monthly Payment           Name                              Monthly Payment

5.    The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.   * * Please see attachment to plan

6.    The Debtor(s) elect to have property of the estate:
            ___ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
            ___ revest in the debtor(s) upon plan confirmation.  Once property revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

Dated: _____     _____     _____
                                              Debtor                                     Debtor

I, the undersigned, am the attorney for the above-named debtor(s) and hereby certify that the foregoing chapter 13 plan is a verbatim replica of pre-approved chapter 13 plan promulgated pursuant to B.L.R. 1007-1 for use in the San Jose Division.

Dated:_____           _____
                                                     Attorney for Debtor(s)

Rev. 04/06 (This certification must be signed for any Model Chapter 13 Plan generated by WordPerfect, Word, or other word processing program.)

**In Re:** Edwin L. Pina and Mailene Mac          **Case No. 09-57362-RLE**

## <u>Attachment to Third-Amended Chapter 13 Plan</u>

2.(b)

| Name | Value of Collateral | Estimated Mortgage/ Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If specified) |
|------|------|------|------|------|
| SCC Tax Collectors | 405000 | 16285 | 5 | 1% |

3. Debtors reject their debt to Honda Finance, and surrender their interest therein.

## <u>Other Provisions:</u>

The claim of Chase Mortgage, its assignees, successors, predecessors, and agents (Loan No. 0110092346) relating to debtors' real property at 16654 San Benito Place in Morgan Hill, CA 95037 being totally under-secured shall be paid concurrent with unsecured creditors pursuant to Paragraph 2(d) of the Plan. Debtors shall cease making payments to Chase Mortgage, its assignees, successors, predecessors, and agents (Loan No. 0110092346).

Chase Mortgage, its assignees, successors, predecessors, and agents shall be required to re-convey its second trust deed as to Loan No. 0110092346 conditioned on (1) debtors obtaining a judgment in an adversary proceeding or order after motion to avoid the security interest of Chase Mortgage, its assignees, successors, predecessors, and agents and valuation of underlying collateral, and (2) debtors obtaining a discharge in the herein case.

The claim of Wells Fargo Mortgage, its assignees, successors, predecessors, and agents (Loan No. 0-000-0-6511710284) relating to debtors' real property at 3309 Swancreek Court in San Jose, CA 95121 being totally under-secured shall be paid concurrent with unsecured creditors pursuant to Paragraph 2(d) of the Plan. Debtors shall cease making payments to Wells Fargo Mortgage, its assignees, successors, predecessors, and agents (Loan No. 0-000-0-6511710284).

Wells Fargo Mortgage, its assignees, successors, predecessors, and agents shall be required to re-convey its second trust deed as to Loan No. 0-000-0-6511710284 conditioned on (1) debtors obtaining a judgment in an adversary proceeding or order after motion to avoid the security interest of Wells Fargo Mortgage, its assignees, successors, predecessors, and agents and valuation of underlying collateral, and (2) debtors obtaining a discharge in the herein case.

The Plan shall complete within 60 months of confirmation.